

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-29-2008

# USA v. Diaz-Rodriguez

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3057

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Diaz-Rodriguez" (2008). *2008 Decisions.* Paper 1691.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1691

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-3057
_____

UNITED STATES OF AMERICA

v.

CARLOS MANUEL DIAZ-RODRIGUEZ,
a/k/a Alberto Olmo-Estrada

Carlos Manuel Diaz-Rodriguez,

Appellant.
_____

On Appeal from the United States District Court
for the District of Delaware
(No. 04-cr-00144-4)
District Judge: Hon. Joseph J. Farnan

Submitted Under Third Circuit LAR 34.1(a)
December 7, 2007

Before: McKEE, CHAGARES, and HARDIMAN, Circuit Judges.
_____

(Filed January 29, 2008)


OPINION OF THE COURT


CHAGARES, Circuit Judge.

Defendant Carlos Manuel Diaz-Rodriguez appeals the District Court's judgment of

June 7, 2006, arguing that the District Court abused its discretion in denying his request to withdraw his guilty plea prior to sentencing and erred in accepting his guilty plea. We disagree and will affirm the judgment of the District Court.

I.

As we write only for the parties, we do not set out the facts in great detail. Following an investigation into an interstate heroin trafficking conspiracy, defendant Diaz-Rodriguez was indicted for conspiracy to distribute one kilogram or more of heroin, distribution of one hundred or more grams of heroin, possession with intent to distribute heroin, and possession of a firearm in furtherance of a drug trafficking crime. On September 15, 2005, the District Court held a change of plea hearing, pursuant to Rule 11 of the Federal Rules of Criminal Procedure. At the hearing, the District Court reviewed with defendant the plea agreement, determined that he was "competent and capable to enter a guilty plea," "f[ound] a basis in fact for [him] to plead guilty" as to those charges, and then accepted defendant's guilty plea. Appendix (App.) 41-42.

By letter dated October 5, 2005, Diaz-Rodriguez asked the District Court to appoint him new counsel because his attorney was not being responsive to his communications. In February 2006, the District Court appointed attorney L. Felipe Restrepo to represent Diaz-Rodriguez. On March 20, 2006, Diaz-Rodriguez sent another letter to the District Court, stating that he wanted to withdraw his guilty plea. According to Diaz-Rodriguez, his former attorney had been "ineffective," and he

2

"never really understood what exactly was going on in [his] case." Supp. App. 7.

Diaz-Rodriguez wrote: "I would like to change my plea due to the fact the time I plead out my lawyer never explained to me what I was pleaing [sic] to." Id. He added that "[t]he other reason I would like to withdraw my plea is because I plead out to a firearm I did not posses. I would like to challenge this charge." Supp. App. 8. In conclusion, Diaz-Rodriguez noted that he was "also going to write to [his] new lawyer about these issues" but asked for the court's help in facilitating the contact because "his office continuosly [sic] refuses my calls." Id.

On May 16, 2006, defense counsel sent a letter to the District Court, explaining that he had discussed "at length" with Diaz-Rodriguez his reservations about having pled guilty and his frustrations with his prior counsel. Supp. App. 9. Counsel stated that he had "reviewed the discovery related to his case and the transcript from his guilty plea with [Diaz-Rodriguez]." Id. Counsel wrote that he was "confident that [Diaz-Rodriguez] now understands that pursuing a motion to withdraw his plea would be counter productive." Id.

On May 25, 2006, the District Court sentenced Diaz-Rodriguez to 180 months imprisonment, a five-year term of supervised release, and a $400 special assessment. This appeal followed.

II.

Defendant's claim that the District Court erred in refusing to permit him to withdraw his guilty plea must fail, because Diaz-Rodriguez never moved to withdraw his guilty plea. Defendant contends that "[o]n September 15, 2005, there was a hearing to set aside the plea" and he was "denied the right to change his plea." Appellant Br. at 3. This statement is, however, misleading. The hearing was a Rule 11 change of plea proceeding, not "a hearing to set aside the plea." In his opposition to the Government's motion for summary action and to stay the briefing schedule, defendant acknowledges that the September 15 hearing was "not technically a hearing to withdraw the plea" but contends that "the Court entertained argument by the defendant's attorney as to why the plea should be withdrawn." Appellant Opp. Mot. at 1. Contrary to this contention, Diaz-Rodriguez never raised the issue of withdrawing his plea at the September 15 hearing. As the Government correctly notes, no plea had even been entered prior to the conclusion of the September 15 hearing that he could have moved to withdraw.

In addition, defendant's letter dated March 20, 2006 cannot be considered a motion to withdraw the guilty plea. Although courts have at times construed such *pro se* letters as motions, the District Court correctly did not do so in this case, where the letter indicated he was going to discuss the issue with his lawyer. Furthermore, defense counsel's letter dated May 16, 2006 specifically clarified that "[Diaz-Rodriguez] now understands that pursuing a motion to withdraw his plea would be

4

counter productive." Supp. App. 9. Accordingly, neither defendant nor his counsel moved to withdraw the guilty plea at any time before sentencing, nor did they raise the issue at the May 25, 2006 sentencing hearing.

III.

The District Court did not err in accepting Diaz-Rodriguez's guilty plea. Where, as here, a defendant fails to object to a Rule 11 error before the District Court, we review defendant's claim that the District Court erred for plain error. United States v. Dixon, 308 F.3d 229, 233-34 (3d Cir. 2002). The burden is on the defendant to show that an error was committed, that the error was "clear and obvious," and that the error "affected the defendant's substantial rights." Id. at 234. Upon such a showing, this Court may exercise its discretion and correct the error but only if the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id.

Diaz-Rodriguez did not object to entering the plea agreement at the September 15 hearing, and he entered the plea agreement knowingly and voluntarily. The District Court, with a sworn interpreter, engaged defendant in a detailed plea colloquy and thoroughly reviewed with him the charges, his right to plead not guilty, and the sentencing ranges associated with the counts on which he had been indicted. The hearing thus complied with the requirements of Rule 11 of the Federal Rules of Criminal Procedure. See United States v. Vonn, 535 U.S. 55 (2002).

5

In addition, the District Court correctly determined there was a factual basis for each count of the plea, including the firearm count. Although defendant told the District Court that he did not own the gun referred to in the firearm charge, he admitted he knew it was in the car he used to distribute heroin. We have established that a defendant can possess a weapon without owning it, where a defendant exercises "'dominion and control' over an object" and "know[s] of that object's existence." United States v. Brown, 3 F.3d 673, 680 (3d Cir. 1993); see also United States v. Garth, 188 F.3d 99, 112 (3d Cir. 1999). Diaz-Rodriguez was aware that the gun was in the van he drove on drug runs from Philadelphia to Wilmington. He admitted that on the night he was arrested, he had placed the heroin in a hidden trap inside the van in which the gun was also stored. He controlled access to the hidden trap, and he acknowledged that he had previously handled the gun. Accordingly, the District Court did not err in accepting defendant's guilty plea.

IV.

For the foregoing reasons, we will affirm the District Court's judgment in all respects.